**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | BKY No. 04-50886 |
| MICHAEL TRAVIS BARNETT, | Adv. No. 05-5001 (GFK) |
| Debtor. | |

| | |
|---|---|
| MICHAEL TRAVIS BARNETT, | Civil No. 05-1230 (JRT) |
| Appellant, | |
| v. | **MEMORANDUM OPINION AND ORDER AFFIRMING THE BANKRPUTCY COURT ORDER** |
| HABBO G. FOKKENA, U.S. Trustee, | |
| Appellee. | |

Jamie R. Pierce, **MANSFIELD TANICK & COHEN, P.A.**, 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402, for appellant.

Michael R. Fadlovich, **UNITED STATES TRUSTEE**, 300 South Fourth Street, Suite 1015, Minneapolis, MN 55415, for appellee.

This case is before the Court on appeal from a final order of the United States Bankruptcy Judge Gregory F. Kishel filed May 13, 2005. In that order, the Bankruptcy Court denied appellant/debtor Michael Travis Barnett his discharge in bankruptcy. For the reasons discussed below, the Court affirms the Bankruptcy Court order.

## BACKGROUND

On August 4, 2004, Barnett filed his personal Chapter 7 bankruptcy case, as well as a Chapter 7 case for Barnett & Associates, Inc., Barnett's wholly owned corporation.[1] The meeting of creditors pursuant to 11 U.S.C. § 341(a) occurred on October 6, 2004 (the "§ 341 meeting"). Barnett and his lawyer were present at the meeting, and Barnett provided extensive testimony. At the hearing, Barnett stated that he had received over $4 million in income from his debt elimination business in the two-year period prior to filing his bankruptcy petition. Barnett also testified that the schedules he filed with the trustee were complete and accurate, and that according to the schedules, Barnett had only $180,000 worth of assets at the time he filed his petition. The schedules also stated that Barnett's income in the past two years prior to filing his petition was not $4 million, but only $2.2 million.

Barnett did not offer any explanation for the discrepancies, but said that he had already provided all records and information he had to the trustee. Barnett added that he had additional copies of those records contained on a computer and in hard copy, and offered to provide those to the trustee as well. Barnett further testified that he had destroyed additional files and records three months before he filed his bankruptcy petition, but explained that he thought the files he destroyed were not relevant to his

---

[1] Barnett's bankruptcy case was filed on the eve of a motion for summary judgment in an Aitkin County, Minnesota lawsuit brought by the Minnesota Attorney General charging Barnett with violation of consumer protection laws stemming from his "debt elimination" business. On August 18, 2004, the Aitkin County Court, with knowledge of Barnett's pending bankruptcy case, entered judgment against Barnett for $5,503,416.98 for restitution to "customers" of Barnett's debt elimination business, and the Minnesota Attorney General sought to except from Barnett's discharge the $5.5 million judgment it obtained in the Aitkin County action. Under a stipulation between the parties and approved by an order of the court dated March 10, 2005, that adversary proceeding is being held in abeyance pending resolution of this litigation.

bankruptcy petition, and reiterated that the trustee had all of Barnett's remaining financial records. Shortly after the conclusion of the § 341 meeting, Barnett provided the trustee with a computer and two boxes of paper files.

The trustee reviewed the records produced by Barnett, and concluded that a substantial number of financial records were missing, including records regarding the disposition of funds received by Barnett in the operation of his debt-elimination business. On January 3, 2005, the trustee filed a complaint seeking to deny Barnett a discharge. Barnett's answer was filed on February 10, 2005. On February 25, 2005, the trustee served Barnett with discovery requests, and agreed to extend the deadline for responses to April 1, 2005. The discovery requests included interrogatories, requests for the production of documents, and requests for admission. Notably, the requests for admission focused on the discrepancy between Barnett's income received while engaged in business, and the value of Barnett's assets when Barnett filed his petition. The requests for admission also addressed Barnett's destruction of records. The extended deadline to respond passed, and Barnett failed to produce any discovery responses. Neither Barnett nor his attorney offered any reason for his failure to respond.

On April 4, 2005, Barnett filed a "discharge of counsel." On April 6, 2005, Barnett filed a withdrawal of his answer to the complaint. Shortly thereafter, the trustee filed a motion seeking either default judgment or summary judgment. Barnett's present counsel filed a substitution of counsel on May 6, 2005.

The hearing on the trustee's motion for default judgment or summary judgment was held on May 11, 2005. Barnett did not attend the hearing, having moved to the

Caribbean island of Nevis, in the British West Indies, some time prior to the hearing. Barnett's present counsel attended the hearing on his behalf.

At the hearing, Barnett's counsel requested additional time to provide discovery responses, and to reinstate Barnett's answer to the complaint. Barnett's counsel did not, however, offer any explanation why Barnett had not produced any discovery responses. Additionally, Barnett's counsel did not proffer the specific facts or documents he would provide if granted additional time to respond. Further, Barnett's counsel did not explain how Barnett would be able to produce additional documents or records, given Barnett's prior testimony in the § 341 meeting that all records and files had either been provided to the trustee, or destroyed by Barnett himself.

On May 11, 2005, the Bankruptcy Court granted the trustee's motion for summary judgment denying Barnett's discharge. Barnett appeals.

## ANALYSIS

**I.      STANDARD OF REVIEW**

In bankruptcy proceedings, the District Court sits as an appellate court and applies the same standard of review as the Court of Appeals. *In re Muncrief*, 900 F.2d 1220, 1224 (8th Cir. 1990); *Rampy v. Messerli*, 224 B.R. 701, 704 (D. Minn. 1997). The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo. *Id.*; Fed. R. Bankr. P. 8013. A district court sitting in review of the decision of a bankruptcy court may affirm the bankruptcy court's decision on any ground supported by the record. *In re Slatkin*, 310 B.R. 740, 744 (C.D. Cal. 2004) (citing *Padilla v. Terhune*, 309 F.3d 614, 618 (9th Cir. 2002)); *see also Godfrey v. Pulitzer*

*Publ'g Co.*, 276 F.3d 405, 409-10 (8th Cir. 2002) (stating that an appellate court may affirm "on any grounds supported by the record").

## II.   THE BANKRUPTCY COURT'S ORDER

The Bankruptcy Court found that there were no genuine issues of material fact, and granted the trustee's motion for summary judgment of denial of discharge on five of the eight counts alleged in the trustee's complaint.[2]

First, the Bankruptcy Court granted the trustee's motion for summary judgment, denying Barnett a discharge under 11 U.S.C. § 727(a)(5), for Barnett's failure to satisfactorily explain a loss or deficiency of assets. Notably, Barnett testified at the § 341 meeting that he had received over $4 million in the two years prior to his bankruptcy action, but that his assets valued only $180,000 at the time he filed his petition. At that point, the burden shifted to Barnett to explain the deficiency. *See In re Sendecky*, 283 B.R. 760, 766 (8th Cir. 2002) (once a deficiency of assets has been demonstrated, the burden shifts to the debtor to explain the loss, and if the debtor's explanation is "too vague, indefinite, or unsatisfactory then the debtor is not entitled to a discharge"). Barnett failed to offer any explanation for the deficiency.

Second, the Bankruptcy Court denied Barnett a discharge under 11 U.S.C. § 727(a)(4), for Barnett's misrepresentation in his bankruptcy schedules. For example,

---

[2] Summary judgment in bankruptcy cases, as in civil cases, is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 322-23 (1986).

Barnett's income on his schedules was listed as $2.2 million, however, he testified at the § 341 meeting that his income was $4 million.

Third, the Bankruptcy Court denied Barnett a discharge under 11 U.S.C. §§ 727(a)(3) and 727(a)(4)(D) for Barnett's failure to keep adequate records, and his destruction of records shortly prior to filing his bankruptcy petition. The Bankruptcy Court found that Barnett had failed to provide adequate records to the trustee. Barnett testified at the § 341 meeting that he had destroyed records three months before he filed his bankruptcy petition, and that he had produced all remaining records to the trustee. Further, the trustee reviewed the records produced by Barnett, and stated in an affidavit that the records produced were inadequate, and sought additional records in discovery requests. Barnett did not respond to the discovery requests or offer any explanation for his failure to keep adequate records.

Finally, the Bankruptcy Court denied Barnett a discharge under 11 U.S.C. § 727(a)(7), based on its determination that Barnett had committed acts specified in 11 U.S.C. §§ 727(a)(3)-(5) concerning an insider. Under 727(a)(7), the bankruptcy court may deny a discharge when the debtor has committed any act specified in § 727 (a)(2)-(6), concerning an insider. The Bankruptcy Court had determined that Barnett had failed to satisfactorily explain a deficiency, had failed to produce adequate records, and had intentionally destroyed records with respect to his company Barnett & Associates. The Bankruptcy Court found that Barnett was an insider of Barnett & Associates, based in part on Barnett's testimony at the § 341 meeting that he and Barnett & Associates were "one and the same."

**III.   ISSUES RAISED ON APPEAL**

Barnett raises five issues in his appeal.  The first two issues raised relate to Barnett's contention that the Bankruptcy Court abused its discretion in denying Barnett's request for an extension of time to produce discovery responses and to reinstate his answer.  Barnett implies that if he had been given a continuance, he would have been able to produce discovery responses that would raise a genuine issue of material fact, rendering summary judgment inappropriate.

The Court finds that even if Barnett had been permitted to amend his admissions, summary judgment would still have been proper, because there were no genuine issues of material fact.  In addition to the trustee's requests for admissions, which the Bankruptcy Court deemed admitted[3], the Bankruptcy Court also had the additional evidence of Barnett's testimony at the § 341 meeting.  Indeed, the requests for admission focused on issues raised by Barnett's own unrebutted testimony at the hearing that (1) he had intentionally destroyed records and had no additional records to produce; (2) Barnett's schedules contained material misrepresentations regarding his income; and (3) Barnett offered no explanation for the deficiency in assets.  Further, Barnett has been represented by counsel during the pendency of this action, and to date, has not provided any specific allegations that would raise a genuine issue of material fact in light of his testimony at the § 341 meeting.  *See*, *e.g.*, *Anderson*, 477 U.S. at 256 (to survive summary judgment, the

---

[3] A request for admission is deemed admitted unless the party to whom the request for admission is directed responds within 30 days, or within such shorter or longer time as the parties agree. Fed. R. Civ. P. 36(a). Any matter admitted under Rule 36(a) is "conclusively established" unless the court permits withdrawal or amendment. *Id.* The decision whether to permit a party to amend an admission is reviewed under the abuse of discretion standard. *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983).

nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial); *see also Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995); *Ring v. Sears, Roebuck & Co.*, 250 F. Supp. 2d 1130, 1138 (D. Minn. 2003). The Court finds that the Bankruptcy Court did not abuse its discretion in denying Barnett's request for an extension of time to produce discovery responses and reinstate his answer.

The third issue raised on appeal is whether the Bankruptcy Court erred in holding that Barnett's destruction of records was "not justified" under all the circumstances of the case. Specifically, Barnett contends that the Bankruptcy Court erred because it improperly determined his credibility, and implies that there were genuine issues of material fact regarding whether Barnett had destroyed records.

The Bankruptcy Court's determination that Barnett had destroyed records came from Barnett's own testimony at the § 341 meeting. Further, Barnett has never proffered any specific facts that would contradict his testimony at the § 341 meeting.

The fourth issue raised on appeal is whether the Bankruptcy Court erred in holding that the trustee satisfied his burden under § 727(a)(5) to make a demand for an explanation of a deficiency of assets. Barnett asserts that there is no indication in the record that the trustee asked Barnett to explain any particular matter for which an explanation was sought.

A Chapter 7 trustee must make a "demand for an explanation" before the burden can shift to the debtor to explain an alleged deficiency of assets. *In re Olson*, 98 B.R. 944, 953 (D. Minn. 1988). Contrary to Barnett's argument on appeal, the trustee did

make demands on Barnett.  First, Barnett was served with discovery requests, including interrogatories, requests for admission, and document requests, that specifically targeted the deficiency in Barnett's assets in light of his purported income, as well as his destruction of documents.  Barnett does not dispute that he received the discovery requests.  Indeed, Barnett requested, and was given, an extension of time to respond to the discovery requests by the trustee.  Moreover, the trustee renewed the "demand" in the motion for summary judgment.  Despite the numerous "demands" made by the trustee, Barnett has consistently failed to offer any explanation for the deficiency of assets, even though he has been represented by counsel the entire time.

The fifth issue raised by Barnett is whether the Bankruptcy Court's finding that Barnett misrepresented his income on his schedules was clearly erroneous.  The Court finds that the Bankruptcy Court's finding was not clearly erroneous.  As set forth above, this finding was supported by Barnett's testimony at the § 341 meeting, where he stated, with his counsel present, that his income for the two years prior to his bankruptcy petition was $4 million, but that his schedules only disclosed an income of $2.2 million.

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **AFFIRMS** the Order of the Bankruptcy Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 22, 2006                              s/ John R. Tunheim
at Minneapolis, Minnesota.                               JOHN R. TUNHEIM
                                                       United States District Judge